IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE FAJARDO-LAZIL, | : | CIVIL ACTION NO. **3:CV-05-0506** |
| Petitioner | : | (Chief Judge Vanaskie) |
| v. | : | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | : | |
| Respondents | : | |

## REPORT AND RECOMMENDATION

**I. Background.**

On March 11, 2005, the Petitioner, Jose Fajardo-Lazil, an inmate at the York County Prison at York, Pennsylvania, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, and a Motion to proceed *in forma pauperis*.[1] (Docs. 1 & 2). The Court directed Respondent to respond to the Petition. (Doc. 4). The Respondents filed their Response and attached exhibits on April 4, 2005. (Doc. 9). Petitioner filed a Traverse on April 15, 2005.[2] The Petition is now ripe for disposition. On May 26, 2005, Respondents filed a Motion to Transfer the portion of Petitioner's Habeas Petition which challenges his removal order to the Third Circuit Court of Appeals pursuant to the Real ID Act of 2005, Pub. L. No. 109-13. Respondents also filed a support Brief. (Docs. 11

---

[1] On March 24, 2005, Petitioner also filed a Motion for Stay of Deportation (Doc. 6), which was granted by the District Court. (Doc. 7).

[2] While the Petition is now ripe for disposition, the portions of it not challenging the removal order will be the subject of a later R&R.

& 12). Since this Court no longer has jurisdiction to hear a habeas petition, or portions thereof, which challenges a final order of removal, we shall recommend that Respondents' present Motion be granted without waiting for Petitioner's response thereto.

**II. Claims of Habeas Petition.**

Petitioner states that he is a native and citizen of the Dominican Republic who entered the United States in January, 1971, as an immigrant and was seemingly granted status as a permanent resident alien for over 22 years. (Doc. 1, pp. 6-7 & Doc. 6, p. 2, ¶ 4). He claims to have a United States citizen common law wife and two (2) children with her. In 1993, Petitioner was convicted in Lehigh County for possession of a controlled substance with intent to deliver. (Doc. 1, pp. 6-7). In August, 1993, BICE (Formerly INS) issued a Notice to Appear based on Petitioner's drug conviction. Petitioner states that he was found to be deportable under § 241(a)(2)(A)(iii) of the INA.[3] Petitioner claims that he was entitled to seek relief in the form of a hardship waiver of deportation under INA § 212 (c).

An exhibit to the Petition shows that in October, 2000, the BIA remanded Petitioner's case to the IJ to give him a chance to apply for § 212 (c) relief. However, Petitioner states that in July, 2001, a hearing before the IJ was scheduled, but that he failed to appear, and he was ordered deported *in absentia*. (Doc. 1, March 1, 2005, BIA decision). The Petitioner filed a motion to reopen his case with the IJ, claiming that he was not aware of his hearing since he was in custody at Lehigh County Prison. In October, 2004, the IJ denied this motion. The Petitioner then

---

[3] Under INA § 241(a)(2)(B)(i), an alien who is convicted of violating a controlled substance law at any time after admission is deportable.

appealed the IJ's decision to the BIA. The BIA found that, due to Petitioner's failure to show that he did not receive notice of the July, 2001, IJ hearing, his application for § 212 (c) relief was properly found to be abandoned by the IJ. (*Id*.).

Thus, the Petitioner's appeal of the IJ's removal order to the BIA was dismissed by the order of March 1, 2005. (*See* Petitioner's Exhibits to Doc. 1). Petitioner then filed the instant Habeas Petition and also requested that the Court issue an emergency stay of his deportation. Because the Petitioner perfected his appeal to the BIA, he met the jurisdictional prerequisite of exhaustion. *See* 8 U.S.C. §1252(d); *Bhiski v. Ashcroft*, 373 F.3d 363 (3d Cir. 2004). Accordingly, at the time the present Habeas Petition was filed, this Court had jurisdiction to review the BIA's final order of removal.

Petitioner states that he is challenging his removal proceedings and the finding that he abandoned his § 212 (c) relief request. Petitioner also contends that his continued detention by BICE violates *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001). The Petitioner also challenges the IJ's decision not to reopen his case and the BIA's affirmance of this decision.

Petitioner is subject to a final removal order as of July 25, 2001, and he is no longer within the six-month presumptive deportation period as specified by *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001). *See Patel v. Zemski,* 275 F. 3d 299, 307 (3d Cir. 2001)(under *Zadvydas*, immigration detention implicates a fundamental liberty interest and that the INS is limited with respect to the detention of post-removal-order aliens "to a period reasonably necessary to bring about the alien's removal, generally no more than six months." *Id*. at 309 (citing *Zadvydas*, 121 S. Ct. at 2505). Petitioner claims that the IJ and BIA erroneously found that he did not show that he

did not receive notice of the July 25, 2001, hearing before the IJ. The Petitioner seeks this Court to allow him to apply for § 212 (c) relief and essentially grant his motion to reopen his removal proceeding before the IJ.[4]

Petitioner challenges his removal order by claiming that he should not have been considered an aggravated felon, and that his conviction is pre-1996, which makes him entitled to a waiver under § 212 of the INA since he was domiciled in the United States for well over seven (7) years. (Doc. 6).[5]

### III. Discussion.

Insofar as Petitioner challenges his removal order, claiming that his due process rights were violated when he was denied of his right to request a § 212(c) waiver due to the lack of notice of the July 25, 2001, IJ hearing, and that his drug conviction was not an aggravated felony subjecting him to removal, we agree with Respondents that these portions of the present Habeas Petition must be transferred to the Third Circuit. To the extent that Petitioner contends that his continued detention violates *Zadvydas*, this Court should retain jurisdiction over this claim.

---

[4]Since Petitioner claims to have been a lawful permanent resident of the United States for more than seven (7) years, Petitioner may be eligible for a § 212 (c) waiver. While Petitioner is not now eligible for the amended § 212 (h) hardship waiver due to his conviction of a controlled substance violation, his drug conviction preceded § 212 (h), and he falls under § 212 (c). Thus, Petitioner is eligible for the relief he seeks to the extent that he requests this Court reopen his IJ hearing to consider whether he may be eligible for a § 212 (c) waiver.

[5]This Court in *Ponnapula v. Ashcroft*, 235 F. Supp. 2d 397, 398 n. 2 and n. 3, (M.D. Pa. 2002), discussed the former § 212 (c) hardship waiver. Since our Petitioner's conviction date occurred before the effective date of IIRIRA, he is eligible for relief under the former § 212 (c). *Id*. at p. 399, n. 6.

This Court in *Soyemi v. Chertoff*, No. 05-mc-145, p. 2 (M.D. Pa.), (May 26, 2005 Order, J. McClure), stated as follows:

> On May 11, 2005, the Real ID Act was signed into law. Emergency Supplemental Appropriations Act for Defense, the Global War on Terror, and Tsunami Relief 2005, Real ID Act of 2005, Pub.L.No. 109-13 (May 11, 2005) ("Real ID Act"). Section 106 of the Real ID Act amends section 242 of the Immigration and Nationality Act (INA) so as to strip this court of jurisdiction to hear habeas corpus petitions that challenge final orders of removal. Real ID Act, § 106(a)(1) (adding INA § 242(a)(5) (to be codified at 8 U.S.C. § 1252(a)(5)).
>
> The proper venue for a petition for review is the court of appeals for the judicial circuit in which the immigration judge completed the petitioner's proceedings. 8 U.S.C. § 1252(b)(2).

As Respondents state, since the IJ in our Petitioner's case signed the removal order in Philadelphia, Pennsylvania, the appropriate appeals court is the Third Circuit. (*See* Doc. 9, Ex. J).

The *Soyemi* Court concluded that "[b]ecause we no longer have jurisdiction to hear habeas corpus petitions challenging final orders of removal we transfer this case to the Untied States Court of Appeals for the Third Circuit." *Id.*, p. 1. Thus, pursuant to the Real ID Act, this Court should grant Respondents' Motion to Transfer the portion of our Petitioner's Habeas Petition which challenges his final order of removal. (Doc. 11).[6]

---

[6] We note that the Real ID Act also provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . ." Real ID Act § 106(a)(1) (adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)). *See* Doc. 11, attached Real ID Act of 2005.

**IV. Recommendation.**

Based on the foregoing, we respectfully recommend that pursuant to the Real ID Act, this Court should grant Respondents' Motion to Transfer the portion of Petitioner's Habeas Petition which challenges his final order of removal to the Third Circuit Court of Appeals. **(Doc. 11)**. Additionally, it is recommended that the remaining portion of Petitioner's Habeas Corpus Petition be remanded to the undersigned for further proceedings.

                                                **s/ Thomas M. Blewitt**
                                                **THOMAS M. BLEWITT**
                                                **United States Magistrate Judge**

**Dated: June 2, 2005**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSE FAJARDO-LAZIL, | : | CIVIL ACTION NO. **3:CV-05-0506** |
| Petitioner | : | (Chief Judge Vanaskie) |
| v. | : | (Magistrate Judge Blewitt) |
| BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, et al., | : | |
| Respondents | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

Report and Recommendation dated **June 2, 2005.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within ten (10) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

<u>s/ Thomas M. Blewitt</u><br>
**THOMAS M. BLEWITT**<br>
**United States Magistrate Judge**

**Dated: June 2, 2005**